Jacqueline **BYRNE**, et al., Appellants

v.

**NATIONAL RAILROAD PASSENGER CORPORATION**, Appellee.

No. 05–7082.

United States Court of Appeals, District of Columbia Circuit.

May 30, 2006.

Herbert Vincent McKnight, Jr., Ashcraft & Gerel, Washington, DC, for Appellants.

Melissa Barbara Rogers, Washington, DC, for Appellee.

Darrell R. Vandeusen, Kollman & Saucier, Baltimore, MD, for Appellee.

Before: ROGERS, TATEL and BROWN, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties.

Appellants are eight management employees [1] who were terminated by the National Railroad Passenger Corporation (better known as Amtrak) following a performance review. As relevant to the present appeal, Appellants brought suit, alleging breach of an implied employment contract. The district court granted Amtrak's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Reviewing the grant de novo, with District of Columbia law lighting our path, we affirm.

Under D.C. law, an employment relationship is presumed to be terminable "at will." *Nickens v. Labor Agency of Metro. Wash.*, 600 A.2d 813, 816 (D.C.1991). Nonetheless, "[t]his presumption can be rebutted by evidence that the parties intended the employment to be for a fixed period or subject to specific preconditions before termination." *Id.* (citation omitted). Under certain conditions, an employer's personnel manual will suffice to overcome the presumption and give rise to an implied contract for continued employment. *See Strass v. Kaiser Found. Health Plan*, 744 A.2d 1000, 1011 (D.C.2000); *Sisco v. GSA Nat'l Capital Fed. Credit Union*, 689 A.2d 52, 55 (D.C.1997); *Rinck v. Ass'n of Reserve City Bankers*, 676 A.2d 12, 16 (D.C.1996); *Nickens*, 600 A.2d at 817. Specifically, "assurances by an employer in a personnel or policy manual *distributed to all employees* that are clear enough in limiting the right to terminate to specific causes or events will overcome the presumption of at-will employment." *Sisco*, 689 A.2d at 53 (emphasis added). "Such a promise, if supported by adequate consideration, creates a triable issue of fact as to the existence of an implied contract for continued employment." *Id.* (citations omitted); *see also Nickens*, 600 A.2d at 817 (allowing implied contract claim to go to jury where "the personnel policies provide for each staff member to receive a copy of the manual").

Appellants argue Amtrak's personnel manual (the 1988 edition of the so-called "PERS–16") created an implied employment contract requiring progressive disciplinary steps before management employees are terminated. According to Appellants, management employees were made aware of the manual's contents in various ways. *See, e.g.*, Appellants' Br. 4 (stating that management employees were "notified ... of the manual and the mandatory progressive disciplinary policy contained therein" and that "Amtrak informed them of the substance of PERS–16, 1988 Edition"); *see also id.* at 22; Compl. ¶¶ 30–32, 53. However, Appellants concede that the manual was not distributed to all management employees. Appellants' Br. 4; Compl. ¶¶ 23, 26.

1. In this context, "management employees" are merely "employees who are not covered by a collective bargaining agreement; they do not necessarily have supervisory authority over other employees." *Sessoms v. Nat'l R.R. Passenger Corp.*, No. 01–531, mem. op. at 3 n. 3 (D.D.C. Aug. 7, 2002).

Thus, Appellants' claim fails. *See Sisco,* 689 A.2d at 53; *Nickens,* 600 A.2d at 817; *cf. Swengler v. ITT Corp. Electro–Optical Prods. Div.,* 993 F.2d 1063, 1070 (4th Cir.1993) (holding that "no implied contract arises from policy manuals which are not generally distributed to employees" but which are instead provided "only upon request").

In some situations an employer's oral representations might, in and of themselves, constitute a promise giving rise to an implied contract. *See Rinck,* 676 A.2d at 15–16; *Nickens,* 600 A.2d at 817. However, Appellants have not pressed such an argument either on appeal or in opposing dismissal in the district court below, relying instead on the policy as set forth in the manual itself. *See, e.g.,* Appellants' Br. 3 ("Plaintiffs alleged in their Complaint that ... Amtrak followed a progressive disciplinary policy *outlined in PERS–16, 1988 Edition."* (emphasis added)); Reply Br. 1 ("Under the facts as pled, Amtrak, *by issuing a set of specific written guidelines* in 1988 for termination, created an implied contract with its management employees." (emphasis added)); *see also* Appellants' Br. at 1, 17, 25–27; Pls.' Am. Opp'n to Def.'s Mot. to Dismiss 3, 5–11.

Accordingly, it is **ORDERED** and **ADJUDGED** that the district court's grant of Amtrak's motion to dismiss be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.